**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 31 2012, 11:26 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANTS:

**PATRICK B. McEUEN**
Rhame & Elwood
Portage, Indiana

ATTORNEY FOR APPELLEE:

**RICHARD N. SHAPIRO**
Law Office of Richard N. Shapiro, P.C.
Schererville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| PAULETTE PETKOVICH, ET AL, | ) | |
| | ) | |
| Appellants-Defendants, | ) | |
| | ) | |
| vs. | ) | No. 64A03-1203-MF-102 |
| | ) | |
| PRIME CONTRACTORS CO., INC., | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |
| | ) | |

APPEAL FROM THE PORTER SUPERIOR COURT
The Honorable William E. Alexa, Judge
Cause No. 64D02-0901-MF-686

**December 31, 2012**

**MEMORANDUM DECISION ON REHEARING - NOT FOR PUBLICATION**

**VAIDIK, Judge**

Following our November 20, 2012, opinion in which we concluded, among other things, that Prime Contractors Company, Inc. was not entitled to appellate attorney's fees, Prime now petitions for rehearing. Specifically, Prime argues that Indiana Code section 32-38-3-14(a) entitles it to an award of appellate attorney's fees. We grant rehearing to address Prime's argument but still deny its request for appellate attorney's fees. We affirm our original opinion in all respects.

Our authority to grant appellate attorney's fees in this case arises from Indiana Appellate Rule 66(E). In our original opinion, we declined to award appellate attorney's fees to Prime under Appellate Rule 66(E). We affirm that ruling, but clarify that Prime may petition the trial court for such an award.

Indiana Code section 32-28-3-14(a) states that "in an action to enforce a lien under this chapter, a plaintiff or lienholder who recovers a judgment in any sum is entitled to recover reasonable attorney's fees." In *Hayes v. Chapman*, this Court held that "Where a statute authorizes reasonable attorney fees, such fees include appellate attorney fees." 894 N.E.2d 1047, 1055 (Ind. Ct. App. 2008), *trans. denied*. However, *Hayes* also holds that "the proper way in which to raise the issue is by filing proceedings supplemental with the *trial court*." *Id.* (emphasis added). We therefore find that while Prime may have a claim for appellate attorney's fees, its request to this Court was premature.

MATHIAS, J., and BARNES, J., concur.